IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GARY HARDEN

      Plaintiff,

v.

ARCILLA MINING & LAND, LLC,

      Defendant.

CIVIL ACTION FILE NO.
5:12-cv-00080-MTT

**JURY TRIAL REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S INSUFFICIENT AFFIRMATIVE DEFENSES**

**I.     PRELIMINARY STATEMENT**

Plaintiff, Gary Harden, ("Mr. Harden") hereby moves the Court for an order striking Defendant Arcilla Mining & Land, LLC's ("Arcilla") insufficiently pled affirmative defenses.  Mr. Harden contends that Arcilla's Amended Answer and Affirmative Defenses constitutes a "shotgun pleading of affirmative defenses" and that many of those defenses should be struck because they are "vague and ambiguous[,]" and "do not respond to any particular count, allegation or legal basis of [the] complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).  In this case, striking Arcilla's insufficient affirmative defenses is a "useful tool[] to narrow [the] lawsuit down to its essential components and pare away the superfluous material." *Mathis v. Velsicol Chem.*

*Corp.*, 786 F. Supp. 971, 975 (N.D. Ga. 1991). Therefore, Mr. Harden respectfully requests that the Court strike Arcilla's insufficient affirmative defenses for the reasons stated more fully below because such action will save the "time and resources of the litigants by allowing them to concentrate on the real issues of the litigation." *Id.*

## II.    FACTUAL BACKGROUND

1.       On March 5, 2012, Mr. Harden filed a Complaint alleging that Arcilla (1) discriminated against him on account of his race in violation of 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) discriminated against him with regard to his wages on account of his race in violation of Section 1981 and Title VII; (3) retaliated against him for actions protected under Section 1981, Title VII, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); and (4) failed to pay him the correct amount of overtime wages under the FLSA. Pl.'s Compl. [Doc. 1].

2.       On March 28, 2012, Arcilla filed its first responsive pleading, which included a total of twenty-two affirmative defenses and a separate reservation of the right to assert additional affirmative defenses. Def.'s Answer at 14-19 of 20 [Doc. 5].

3.    On April 13, 2012, undersigned counsel for Mr. Harden sent a letter to Arcilla's counsel requesting that Arcilla amend its answer to (1) withdraw several of its affirmative defenses, (2) clarify other defenses, and (3) add factual support to those defenses that merely stated legal conclusions.

4.    On April 18, 2012, Arcilla filed an Amended Answer and Affirmative Defenses, in which it withdrew its sixth and twelfth affirmative defenses. However, in all other respects Arcilla's Amended Answer and Affirmative Defenses was identical to its original answer.  Def.'s Amended Answer at 15-16 of 20 [Doc. 7]; Def.'s Answer [Doc. 5].

5.    On April 18, 2012, counsel for Mr. Harden contacted counsel for Arcilla to attempt to resolve the outstanding issues with Arcilla's remaining affirmative defenses, but counsel were unable to reach a resolution of these issues.

## III.    ARGUMENT & CITATIONS OF AUTHORITY

### A.    Affirmative Defenses Under Federal Rule of Civil Procedure 8

"In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it . . . ."  Fed.R.Civ.P 8(b).  An affirmative defense as required by Rule 8 is defined as "a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999).  On the other hand, "a defense which simply points

out a defect or lack of evidence in a plaintiff's case is not an affirmative defense."

*Morrison*, 434 F. Supp. 2d at 1318; *see also In re Rawson Food Serv., Inc.*, 846

F.2d 1343, 1349 (11th Cir. 1988).   In general, a defendant's failure to raise an

affirmative defense in its answer is results in waiver of the defense; however, the

liberal pleading standards of the Federal Rules of Civil Procedure permit a

defendant to assert an affirmative defense at a later time if the plaintiff has notice

and will not be prejudiced thereby.  *See, e.g.*, *Hassan v. U.S. Postal Serv.*, 842 F.2d

260, 263 (11th Cir. 1988).

"Affirmative defenses . . . are subject to the general pleading requirements of

Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory

allegations."  *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 07-20608-CIV, 2007

WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007); *Woodfield v. Bowman*, 193 F.3d

354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading

requirements as is the complaint.").  Because the general pleading requirements of

Rule 8 apply to affirmative defenses, "a defendant must . . . plead an affirmative

defense with enough specificity or factual support to give the plaintiff 'fair notice'

of the defense that is being asserted."  *Home Mgmt. Solutions*, 2007 WL 2412834,

at *3.

**B.     Standards for Striking Affirmative Defenses Under Federal Rule of Civil Procedure 12(f)**

Upon motion by a party or acting *sua sponte*, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  However, "courts recognize that motions to strike seek drastic relief and, therefore, disfavor them." *Home Mgmt. Solutions*, 2007 WL 2412834, at *1.  Nevertheless, court have also recognized that "motions to strike are useful tools to narrow a lawsuit down to its essential components and pare away the superfluous material." *Mathis*, 786 F. Supp. at 975.  Furthermore, such motions save the "time and resources of the litigants by allowing them to concentrate on the real issues of the litigation." *Id.*

In general, affirmative defenses that are insufficient as a matter of law should be stricken.  *Resolution Trust Corp. v. Youngblood*, 807 F. Supp. 765, 769 (N.D. Ga. 1992) ("Where a defense is insufficient as a matter of law, it should be stricken to eliminate the unnecessary delay and expense of litigating it.").  Defenses that are insufficient as a matter of law include those that are "patently frivolous" and those that are "clearly *invalid* as a matter of law." *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (emphasis added).  Other courts have formulated the standard by stating that "[a]ffirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rule of Civil Procedure,

which requires a short and plain statement of the defense." *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, 765 F.Supp.2d 1360, 1361, 2011 WL 679850 *1 (S.D.Fla.2011) (quotation omitted).

"In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).  Just as plaintiffs are discouraged from filing "shotgun" pleadings, "a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison*, 434 F. Supp. 2d at 1318.

C.       **Arguments to Strike Specific Affirmative Defenses**

**First Defense: Failure to State a Claim**

Arcilla's first affirmative defense states that "[t]he Complaint fails to state claims upon which relief can be granted."  (Def.'s Amended Answer; Doc. 7 at 14 of 20).  However, an allegation that the complaint as a whole fails to state a claim for relief is not an affirmative defense.  *Rawson Food Serv.*, 846 F.2d at 1349 ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.").  Moreover, the first defense is exactly the kind of "bare-bones conclusory allegation that fails to notify Mr. Harden of the deficiencies in the complaint." *Valdez v. Smith & Deshields, Inc.*, 2008 U.S. Dist. LEXIS 91162,

5-6 (S.D. Fla. Nov. 9, 2008); *see also Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 804 (N.D. Ill. 2000) (Fed.R.Civ.P. 8(a) does not permit a pleader to "recite the standard for a 12(b)(6) motion to dismiss, and to thereby abdicate the responsibility of alleging the basic facts demonstrating his entitlement to relief."). As such, Arcilla's first affirmative defense is due to be stricken from the answer. *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 U.S. Dist. LEXIS 138384, 6-7 (S.D. Fla. Dec. 21, 2010) ("[T]he better practice is to properly label denials and affirmative defenses, and to keep these two defenses separate. For these reasons, the Plaintiff's motion to strike the Defendants' first affirmative defense is granted."). Accordingly, Mr. Harden requests that the Court strike Arcilla's first affirmative defense.

### Second Defense: "Good Faith" Pursuant to 29 U.S.C. § 260

Arcilla's second affirmative defense states that Mr. Harden's claims (presumably his claims for liquidated damages under the FLSA) are barred because of Arcilla's good faith and reasonable grounds for believing its actions did not violate the FLSA. (Def.'s Amended Answer; Doc. 7 at 14 of 20). This defense is deficient because it "assert[s] a blanket conclusion that [Arcilla] [acted] in good faith and upon reasonable grounds without identifying what was relied upon or the practices [it] believed to be in compliance with the FLSA." *Cano v. South Florida Donuts, Inc.*, 2010 U.S. Dist. LEXIS 8386, 5-6 (S.D. Fla. Jan. 21, 2010). Because

Arcilla failed to include any specific facts to support this defense, it is due to be stricken from Arcilla's answer. *Id.* Accordingly, Mr. Harden requests that the Court strike Arcilla's fourth affirmative defense.

### Fourth Defense: Waiver, Unclean Hands, Laches, and Estoppel

Arcilla's fourth affirmative defense asserts that "Plaintiff's claims are barred to the extent that the doctrines of waiver, unclean hands, laches, and estoppel apply to Plaintiff's conduct and/or claims." (Def.'s Amended Answer; Doc. 7 at 15 of 20). Mr. Harden requests that the Court strike this defense with leave to amend on two different grounds. First, in violation of the "notice" pleading standards of Rule 8, the defense fails to state the specific counts to which it applies. Mr. Harden's complaint included eight different counts, and Mr. Harden should not be required to guess which counts are the targets of Arcilla's fourth affirmative defense. *See Smith v. The Sygma Network*, 1:11-cv-1222-RLV, at 8 of 11 (N.D. Ga. June 15, 2011). Also in violation of Rule 8, Arcilla has "altogether failed to allege any facts to support these defenses." *Morrison*, 434 F. Supp. 2d at 1319. Second, the defenses of waiver, estoppel, and laches are not recognized under the FLSA and, therefore, to the extent that they apply to Mr. Harden's overtime claim, they are due to be stricken with prejudice. *Id.*; *see also Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir. 1959). Therefore, Mr. Harden requests that the Court strike Arcilla's fourth affirmative defense.

### Fifth Defense: Exemptions, Exclusions, & Credits Under the FLSA

Arcilla's fifth affirmative defense asserts that "Plaintiff's claims are barred, in whole or in part, by the exemptions, exclusions, exceptions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as amended (FLSA), 29 U.S.C. §§ 207 and 213."  (Def.'s Amended Answer; Doc. 7 at 15 of 20).  This defense is due to be struck because it is a blanket "exemptions" defense that fails to identify any specific exemptions or to allege any facts in support.  *See Morrison*, 434 F. Supp. 2d at 1318-19 ("Plaintiff contends that Defendants should be required to list the specific exemptions that they claim are applicable in this case.  The Court agrees."); *see also Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (granting Defendant leave to amend affirmative defense claiming "that Plaintiff was exempt from overtime compensation pursuant to the 29 U.S.C. § 213(a)(1) exemption to the FLSA . . . .").  Because Arcilla's fifth affirmative defense fails to put Mr. Harden on notice of which exemptions, exclusions, exceptions, or credits Arcilla seeks to invoke as defenses, Mr. Harden requests that the Court strike the defense with leave to amend.

### Eighth Defense: After-Acquired Evidence

Arcilla's eighth affirmative defense states "[t]o the extent that any recovery on Plaintiff's Complaint may be either completely or substantially barred due to after acquired evidence, any recovery to which Plaintiff may otherwise be entitled

9

must be appropriately off set." (Def.'s Amended Answer; Doc. 7 at 15 of 20). This defense is due to be struck because (1) it fails to specify the counts to which it applies, (2) it fails to include a factual basis, and (3) it is not an affirmative defense. With respect to the third point, the after acquired evidence doctrine "is a rule of evidence which may be asserted at the appropriate time in the proceeding"—it is not an affirmative defense. *Valdez v. Smith & Deshields, Inc.*, 2008 U.S. Dist. LEXIS 91162, 6-7 (S.D. Fla. Nov. 9, 2008). Furthermore, the doctrine requires factual support and cannot be raised in a boilerplate manner. *See Francisco v. Verizon South Inc.*, 2010 U.S. Dist. LEXIS 77083, 30-31 (E.D. Va. July 29, 2010). Accordingly, Mr. Harden requests that the Court strike Arcilla's eighth affirmative defense with leave to amend.

### Ninth Defense: Failure to Allege Dates and Amounts Owed

Arcilla's ninth affirmative defense states that "Plaintiff's claims are barred because he does not allege dates and periods worked and amounts of compensation allegedly owed." (Def.'s Amended Answer; Doc. 7 at 16 of 20). This defense is due to be struck because (1) the complaint does, in fact, state the dates and periods that Mr. Harden worked, (2) the defense misstates the relevant law, and (3) it is not an affirmative defense. With respect to the first point, Mr. Harden alleged that he started work for Arcilla in December of 2004 and that he was paid specific amounts over specific periods. (Pl.'s Compl. ¶¶ 11, 15-17, Doc. 1). Second, a

pleader seeking relief under the FLSA is not required to allege in his complaint the dates and periods worked and the amount of compensation owed. *Dobbins v. Scriptfleet, Inc.*, 2012 U.S. Dist. LEXIS 23131, 8-9 (M.D. Fla. Feb. 23, 2012) ("Scriptfleet argues that Dobbins has failed to allege sufficient facts to state a claim for unpaid overtime wages under the FLSA. Specifically, it contends that Dobbins should have alleged facts related to 'what hourly wage a plaintiff was paid, an estimate of how many hours a plaintiff worked for which she was not compensated, and whether an employer had actual or constructive knowledge of the alleged uncompensated overtime.' The Court disagrees."). Finally, the fifth defense is not truly an affirmative defense because "a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense." *Morrison*, 434 F. Supp. 2d at 1318 (S.D. Fla. 2005); *see also Rawson Food Serv.*, 846 F.2d at 1349. Accordingly, Mr. Harden requests that the Court strike Arcilla's ninth affirmative defense.

### Tenth Defense: Failure to Report Hours

Arcilla's tenth affirmative defense states that "Plaintiff's claims are barred in whole or in part to the extent that he worked unreported hours and did so in violation of Company policy and/or concealed those facts from Defendant." (Def.'s Amended Answer; Doc. 7 at 16 of 20). To the extent that the tenth affirmative defense invokes the doctrines of estoppel or estoppel by silence, it is

11

due to be struck as legally invalid.  *Perales v. Schear Corp.*, 2010 U.S. Dist. LEXIS 54792 (M.D. Fla. May 10, 2010) ("Defendants have attempted to raise affirmative defenses such as estoppel and estoppel by silence, but these defenses are not available under the FLSA.").  Accordingly, Mr. Harden requests that the Court strike Arcilla's tenth defense with leave to amend.

### Eleventh Defense: Claims Brought Outside Statutes of Limitations

Arcilla's eleventh affirmative defense states that "Plaintiff's claims are barred to the extent they involve transactions or events which are outside the applicable statute(s) of limitation."  (Def.'s Amended Answer; Doc. 7 at 16 of 20). This defense violates Rule 8 because it provides no notice to Mr. Harden of which claims Arcilla believes were filed outside of the applicable statutes of limitation. Accordingly, Mr. Harden requests that the Court strike Arcilla's eleventh affirmative defense with leave to amend.

### Thirteenth Defense: "Same Decision" Defense

Arcilla's thirteenth affirmative defense states that "[e]ven if Plaintiff could prove an unlawful discriminatory motive for any of his claims, which Defendant denies, Plaintiff's claims fail in whole or in part because Defendant would have made the same employment decisions notwithstanding any discriminatory motive." (Def.'s Amended Answer; Doc. 7 at 16 of 20).  As pled, this affirmative defense violated Fed.R.Civ.P. 8 because it is conclusory and fails to include any factual

allegations.  *See Smith v. The Sygma Network*, 1:11-cv-1222-RLV (N.D. Ga. June 15, 2011).  Accordingly, Mr. Harden respectfully requests that the Court strike Arcilla's thirteenth affirmative defense with leave to amend.

### Fourteenth Through Sixteenth Defenses: Regarding Claims for Punitive Damages

Arcilla's  fourteenth  through  sixteenth  affirmative  defenses  contend, respectively, that (1) punitive damages are not warranted in this case, (2) any award of punitive damages will violate the United States Constitution and the Georgia Constitution, and (3) any award of punitive damages must comply with the Georgia punitive damages statute.  (Def.'s Amended Answer; Doc. 7 at 16-17 of 20).  All of these defenses are due to be struck.  The fourteenth defense is not affirmative defenses because it only attempts to "point[] out a defect or lack of evidence in a plaintiff's case . . . ."  *Morrison*, 434 F. Supp. 2d at 1318; *see also Rawson Food Serv.*, 846 F.2d at 1349.  The fifteenth affirmative defenses is legally invalid because punitive damages are allowed in race discrimination claims.  *Bogle v. McClure*, 332 F.3d 1347, 1359-61 (11th Cir. 2003) (holding that award of $2 million in punitive damages to each plaintiff in race discrimination case did not violate U.S. Constitution).   In addition, Arcilla's references to the Georgia Constitution and the Georgia Code in the fifteenth and sixteenth defenses are unavailing because this is a federal question case involving exclusively federal claims.  *See Lawrence v. City of Bixby*, 2007 U.S. Dist. LEXIS 80231, 13-14 (N.D.

Okla. Oct. 30, 2007) ("Plaintiff cites no authority suggesting that state law defenses of waiver or estoppel apply to a federal law claim. The Court has conducted independent research on this issue, and has found no instances when a federal court has applied state law waiver or estoppel to a federal employment discrimination claim."). Accordingly, Mr. Harden requests that the Court strike Arcilla's fourteenth, fifteenth, and sixteenth affirmative defenses.

### Seventeenth Defense: Failure to Mitigate Damages

Arcilla's seventeenth affirmative defense states that "Plaintiff's claims are subject to his duty to mitigate damages, if any." (Def.'s Amended Answer; Doc. 7 at 17 of 20). First, as applied to the FLSA, this defense is invalid. *Morrison*, 434 F. Supp. 2d at 1319 ("[T]here is no requirement to mitigate overtime wages under the FLSA."). Second, the defense must be pled with sufficient factual support. *See Smith v. The Sygma Network*, 1:11-cv-1222-RLV (N.D. Ga. June 15, 2011) ("In its twelfth defense, the defendant alleges that the plaintiff failed to mitigate his damages. . . . However, this affirmative defense is not sufficiently pled."). Accordingly, Mr. Harden requests that the Court strike Arcilla's seventeenth affirmative defense with leave to amend.

### Eighteenth Defense: ERISA Preemption

Arcilla's eighteenth affirmative defense states that "[t]o the extent Plaintiff claims loss of retirement, plan benefits or credits, health and welfare benefits, or

any other benefits covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §101, et seq., such claims are preempted by ERISA." (Def.'s Amended Answer; Doc. 5 at 17 of 20).  This defense it due to be struck because Mr. Harden's has not claimed any such benefits.  (*See* Pl.'s Compl.; Doc. 1).  Accordingly, Mr. Harden requests that the Court strike Arcilla's eighteenth defense.

### Twentieth Defense: Employment At-Will

Arcilla's twentieth defense states:

Plaintiff's claims are barred in that Plaintiff was an "at-will" employee and could be discharged at any time with or without cause, and with or without notice, and Plaintiff cannot identify any recognized exception to the "at-will" doctrine under Georgia law to support a cause of action based on the alleged wrongful termination of "at-will" employees.  Defendant's actions towards Plaintiff were therefore justified or privileged, and no cause of action exists thereon.

(Def.'s Amended Answer; Doc. 7 at 18 of 20).  First, invocation of the at-will employment doctrine is not an affirmative defense.  *See Smith v. The Sygma Network*, 1:11-cv-1222-RLV (N.D. Ga. June 15, 2011).  Moreover, Mr. Harden contends that the twentieth defense violates Rule 11(b)(2) because it is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Mr. Harden's claims are simply not barred by the "at-will" employment doctrine.  *See, e.g.*, 42 USCS § 2000e-2(a) ("It shall be an unlawful employment practice for an employer.

15

. . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."); *Gary v. Milwaukee County Behavioral Health Div.*, 2012 U.S. Dist. LEXIS 6374 (E.D. Wis. Jan. 19, 2012) ("Exceptions to the general employment at will doctrine include discrimination on the basis of race, color, sex, or national origin under Title VII of the Civil Rights Act of 1964."). Accordingly, Mr. Harden requests that the Court strike Arcilla's twentieth affirmative defense with prejudice.

### Twenty-First Defense: Nondiscriminatory Reasons for Defendant's Actions and Good Faith

Arcilla's twenty-first affirmative defense states that "[a]ny employment action Defendant took with respect to Plaintiff was based on reasonable factors other than any protected conduct by Plaintiff, or any protected characteristic and was done in good faith." (Def.'s Answer; Doc. 5 at 18 of 20). This defense violates Rule 8 because it does not include any factual allegations. Accordingly, Mr. Harden requests that the Court strike Arcilla's twenty-first defense with leave to amend.

### Twenty-Second Defense: "Same Decision" Defense (Repeated)

Arcilla's twenty-second affirmative defense repeats its thirteenth affirmative defense almost verbatim. (Def.'s Amended Answer; Doc. 7 at 16, 18 of 20). This defense is therefore unnecessary, "redundant" matter under Fed.R.Civ.P. 12(f), and

Mr. Harden requests that the Court strike Arcilla's twenty-second affirmative defense.

## IV.    CONCLUSION

Based on the above, Mr. Harden requests that the Court strike Arcilla's first, second, fourth, fifth, eighth, ninth, tenth, eleventh, thirteenth, fourteenth, seventeenth, eighteenth, twentieth, twenty-first, and twenty-second affirmative defenses.  Each of these affirmative defenses either fails to comply with the notice pleading requirements of Rule 8 or is legally invalid.  Striking such defenses will streamline the course of the litigation and will restrict discovery to issues that are genuinely relevant to this case.

Dated:        April 23, 2012

Respectfully submitted,

s/  Jeff Kerr

**MAYS & KERR LLC**                      Jeff Kerr
229 Peachtree Street NE               Ga. Bar No. 634260
International Tower | Suite 980        jeff@maysandkerr.com
Atlanta, Georgia 30303
Telephone:   404 410 7998              John L. Mays
Facsimile:    404 855 4066             Ga. Bar No. 986574
Attorneys for Plaintiff                john@maysandkerr.com